IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, N.A. f/k/a | § | |
| JPMorgan Bank as Trustee, on behalf of | § | |
| First Franklin Mortgage Loan Trust | § | |
| 2004-FF10, Asset-Backed Certificate, | § | |
| Series 2004-FF10 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-06-688 |
| | § | |
| MICHAEL COLEMAN | § | |
| and All Other Occupants of | § | |
| 14605 Oak Leaf Loop | § | |
| Splendora, Texas   77372 | § | |

## REPORT AND RECOMMENDATION

Before the Court is the "Motion to Remand" of Plaintiff JPMorgan Chase Bank, hereinafter JPMorgan, filed on November 30, 2006.  On January 8, 2007, this Court granted a Motion of the Defendant, Michael Coleman, for additional time to file a response to JPMorgan's Motion; the Court gave Coleman until January 20, 2007, to respond.  To date, no response has been filed.[1]

Since Coleman seems to have lost interest in this case, the Court sees no need to waste much judicial time on the Motion.  As a factual summary, it will suffice to say that Coleman, on the alleged basis of diversity of citizenship, removed this Forcible Entry and Detainer action brought against him in a Texas Justice of the Peace Court by JPMorgan after he refused to surrender possession of certain real property he was buying subsequent to JPMorgan's purchase

---

[1]    The Court notes that the Order granting Coleman's Motion was returned as undeliverable, however, it is obvious that Coleman knew of the Motion to Remand.  Moreover, Coleman, in his Motion, stated he had access to PACER and, therefore, he has the ability to monitor this litigation.

of that property at a non-judicial foreclosure sale prompted by Coleman's default on the underlying loan.

Under Local Rule 7.4, the failure to respond to a Motion "will be taken as a representation of no opposition." Accordingly, JPMorgan's Motion can, in light of Coleman's most recent default, be granted on this basis alone. However, the law does not favor defaults, even habitual ones, so the Court will reach the merits.

In his Notice of Removal, Coleman claimed to be a resident of Nevada, but JPMorgan has submitted evidence, which is currently unchallenged by Coleman, that Coleman is, in fact, a Texas resident. That evidence includes proof that Coleman has a valid Texas driver license; that he is registered to vote in Texas; that he is listed as the current owner of real property in Montgomery County, Texas, by that County's appraisal district; and that the cell phone and fax numbers he maintains are Texas numbers. C.f. Coury v. Prot, 85 F.3d 244, 251 (5th Cir. 1996) JPMorgan has also submitted evidence that the Nevada address given by Coleman on his pleadings is for property owned by someone else. Since the uncontroverted evidence proves that Coleman is a Texas resident, removal of this action was precluded under 28 U.S.C. § 1441(b).

Also, as JPMorgan points out, since the Forcible Entry and Detainer action deals only with the issue of the right to possession of the property from the trespassing Coleman, the amount in controversy is clearly below the $75,000.000 threshold for diversity jurisdiction.

There is no basis for the exercise of federal diversity jurisdiction in this case.

For the foregoing reasons, it is the **RECOMMENDATION** of this Court that the "Plaintiff JPMorgan Chase Bank's Motion to Remand" (Instrument no. 8) be **GRANTED**.

The Clerk **SHALL** send copies of this Report and Recommendation to the Parties. The Parties **SHALL** have until **February 16, 2007**, to file written objections to the Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The Objections **SHALL** be mailed to the United States District Clerk, P.O. Drawer 2300, Galveston, Texas  77553. **Any Objections filed SHALL be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration. Failure to file objections within the prescribed time **SHALL** bar an aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this _____30th_____ day of January, 2007.

_____

John R. Froeschner
United States Magistrate Judge

3